IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRELL SMEDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-cv-1061-MEF |
| | ) | |
| OZARK POLICE DEPT., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed November 23, 2009). By Order filed November 24, 2009, the Magistrate Judge granted permission for Darrell Smedley to proceed *in forma pauperis*, but stayed further proceedings on his Complaint filed November 17, 2009 pending amendment and review pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

### I. PARTIES AND COMPLAINT

Plaintiff Darrell Smedley ("Smedley" or "Plaintiff") is a resident of Ozark in Dale County, Alabama which is located within the Middle District of Alabama. On November 17, 2009, Smedley initiated this action by filing a Complaint and several motions. *See* Docs. 1-3.

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Court denied Smedley's motion for production of evidence, but granted his motion to proceed *in forma pauperis*. *See* Docs. 5 and 7. The Court also ordered Smedley to file an amended complaint because his original complaint failed to identify with specificity what relief he sought. *See* Doc. 6. Smedley filed his Amended Complaint on December 14, 2009. *See* Doc. 8.

The gist of Smedley's allegations - as best can be discerned from verbiage which lacks clarity, to be charitable - is a complaint that Defendants wrongfully arrested him and assaulted him during the arrest. Smedley asserts these claims against the Ozark Police Department and Ozark Police Officer Tripp. He further asserts these actions violated a number of his constitutional rights and brings these claims pursuant to 42 U.S.C § 1983. *See* Doc. 8 generally.

## II. DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). A two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted). First, the court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court

shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process). Moreover, a claim is clearly baseless and due dismissal when the allegations are "fanciful," "fantastic," and "delusional." *Denton*, 504 U.S. at 32-33, 112 S.Ct. at 1733 (citations omitted). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[2]

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

The complaint filed by Smedley satisfies the economic eligibility criteria of § 1915(a)(1), and therefore may be filed without prepayment of fees. However, the Court is of the view, that part of the amended complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) - (ii).

**A. Ozark Police Department**

Smedley brings claims against the Ozark Police Department. Under Alabama law, the Ozark Police Department is not a legal entity subject to suit or liability. *See, e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). For this reason, all claims in Smedley's Complaint against the Ozark Police Department merit dismissal before service pursuant to § 1915(e)(2)(i)-(ii).

**B. Officer Tripp**

At this time, there are sufficient factual allegations that warrant the service of this action on Ozark Police Officer Tripp. Further, it is clear from the complaint and amended complaint that the claims asserted against him are in both his official and individual capacities. This however, does not preclude further review under 28 U.S.C. § 1915 should the Court determine it to be necessary.

### III. Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1)  Plaintiff's claims against Defendant Ozark Police Department be dismissed without prejudice prior to service of process pursuant to 28 U.S.C. §

1915(e)(2)(B)(i)-(ii).

(2)  The Clerk of Court be **DIRECTED** to serve the Summons, Complaint, Amended Complaint, a copy of all Orders entered by the Court, and a copy of this Report and Recommendation on Officer Tripp.

(3)  This case be referred back to the Magistrate Judge for additional proceedings.

**IT IS FURTHER ORDERED** that the parties file any objections to this *Recommendation* on or before **February 19, 2010**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 5th of February 2010

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE